UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-11138-MCS-AJR** | Date | February 10, 2026 |
| Title | ***Blankwoods LLC v. Garrison*** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF No. 14) (JS-6)

Plaintiff Blankwoods LLC moves to remand this action to the Los Angeles County Superior Court. (Mot., ECF No. 14.) Defendants Michael Garrison, Zachary Powers, Mint Management LLC, and Crafton Select LLC filed an opposition brief, (Opp'n, ECF No. 15), and Plaintiff replied, (Reply, ECF No. 16). The Court heard argument on the motion at a hearing on February 2, 2026. (Mins., ECF No. 20.)

## I.    BACKGROUND

According to the complaint, Plaintiff is the exclusive owner of the *Quickies* trademarks registered with the United States Patent and Trademark Office ("USPTO"). (Compl. ¶ 1, ECF No. 1-1.) Specifically, Plaintiff owns a trademark with registration number 6,836,188 relating to goods within "Class 34," which includes cigar wraps, cigarette rolling machines, and cigarette rolling papers. (*Id.* ¶ 12.) After the '188 mark application was published, Defendant Mint Management LLC filed an opposition with the USPTO and contested ownership. (*Id.* ¶ 14.) After two years of litigation, the parties executed a settlement agreement establishing Plaintiff's ownership of the *Quickies* marks. (*Id.* ¶ 18.) At the same time, the parties entered into a letter of intent in which Plaintiff agreed to give Defendants a license

to sell *Quickies* branded products in exchange for a portion of their gross sales. (*Id.* ¶ 19.) In the summer of 2023, the parties entered into an agreement that incorporated provisions from the settlement agreement and letter of intent. (*Id.* ¶ 22.) Eventually, Plaintiff learned about significant discrepancies in Defendants' sales data. (*See id.* ¶¶ 25–33.) Plaintiff claims it discovered that Defendants were attempting to deliberately devalue the *Quickies* brand by flooding the market with lesser-quality counterfeits and by developing a substantially similar product under the "Grasshoppers" brand. (*Id.* ¶ 24.)

Based on these allegations, Plaintiff sued Defendants in the Los Angeles County Superior Court, asserting eight causes of action: (1) breach of contract; (2) fraudulent concealment; (3) trademark infringement; (4) violation of California Business and Professions Code section 17200 et seq.; (5) conversion; (6) civil theft; (7) intentional interference with prospective economic advantage; and (8) constructive trust and restitution. (*Id.* ¶¶ 42–110.) Defendants removed the case to federal court, invoking this Court's federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's complaint "asserts infringement of Federal Trademark Registrations granted under the Lanham Act, 15 U.S.C. § 1051 et seq." (Not. of Removal ¶ 5, ECF No. 1.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If a defendant fails to meet its burden to establish subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

///

---

## III.    DISCUSSION

In evaluating federal-question jurisdiction, federal courts follow "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Following this rule, a claim invokes the federal Lanham Act when the "well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) (alterations in original) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)).

Plaintiff's trademark infringement claim does not satisfy either prong of the *Christianson* test. As this Court has previously held, references to federally registered "trademarks and trademark issues do not necessarily transmogrify . . . state law claims into federal claims under the Lanham Act." *Dean v. Kaiser Found. Health Plan, Inc.*, No. No. 5:25-cv-02938-MCS-DTB, 2025 WL 3725647, at *1 (C.D. Cal. Nov. 18, 2025) (Scarsi, J.) (internal quotation marks omitted). This position is consistent with Ninth Circuit authority and other courts in this district. *See, e.g.*, *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) ("[T]he mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction."); *Del Rio v. Oberfeld*, No. 2:13-CV-3870-SVW-AJWx, 2013 U.S. Dist. LEXIS 202958, at *11 (C.D. Cal. July 18, 2013) ("Claims for common law trademark infringement do not require federal registration of a trademark; '[r]egistration under the Lanham Act has no effect on the registrant's rights under the common law.'" (alteration in original) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006))); *Signorelli, Inc. v. OmniPeace, Inc.*, No. CV 10-6736 PA (CWx), 2010 U.S. Dist. LEXIS 105636, at *7–8 (C.D. Cal. Sept. 17, 2010) (collecting cases for the proposition that an allegation that a trademark is "a federal mark protected under the Lanham Act," "in itself, does not establish that Plaintiff's claims somehow require resolution of a federal trademark question" (internal quotation marks omitted)). At best, Plaintiff's trademark infringement claim is ambiguous as to whether it arises from federal or state law. The complaint does not expressly invoke federal law, and nothing in the trademark claim is unique to claims brought under the Lanham Act. The Court

declines to infer a federal claim here, where alternative theories under state law are equally, if not more readily, inferable. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). Because it is not "clear from the face" of the complaint that Plaintiff's trademark claim arises from federal law, the claim does not satisfy the first prong of the *Christianson* test. *Duncan*, 76 F.3d at 1485.

Defendants argue that even if Plaintiff's trademark infringement claim does not arise under the Lanham Act, it still raises a substantial question of federal law because the products sold under the *Quickies* marks are intended for use exclusively with marijuana. (Opp'n 2, 7–9.) According to Defendants, this creates an "unavoidable federal preemption issue" to the extent Plaintiff is attempting to enforce common law rights over marijuana products. (*Id.* at 2.) Because marijuana remains illegal under federal law, the Lanham Act generally does not provide trademark protections for marks used with marijuana products. *Kiva Health Brands LLC v. Kiva Brands Inc.*, 439 F. Supp. 3d 1185, 1198 (N.D. Cal. 2020) (collecting cases). The Court is not convinced, however, that Plaintiff's efforts to enforce its common law rights over the *Quickies* branded products creates an unavoidable conflict with federal law. The Federal Controlled Substances Act defines "drug paraphernalia" as "any equipment, product, or material . . . primarily intended or designed for use in . . . ingesting, inhaling, or otherwise introducing into the human body a controlled substance," including marijuana. 21 U.S.C. § 863(d). However, there is an important exemption to the definition for items "traditionally intended for use with tobacco products, including any pipe, paper, or accessory." *Id.* § 863(f)(2). Rolling papers, like those that use the *Quickies* marks, fall under this so-called "tobacco exception." *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, Nos. 22-16190, 22-16281, 2024 WL 1364300, at *2 (9th Cir. Apr. 1, 2024). Even if the parties subjectively intended for *Quickies* products to be used exclusively with marijuana, the products would remain within the scope of the tobacco exception. *See Posters 'N; Things, Ltd. v. United States*, 511 U.S. 513, 520–21 (1994) ("An item's 'traditional' use is not based on the subjective intent of a particular defendant."). That the USPTO has already approved Plaintiff's trademark application is persuasive evidence that the *Quickies* products are indeed not drug paraphernalia. Because the *Quickies* products appear to fall under the tobacco exception, Plaintiff's invocation of common law trademark protections does not create a conflict with federal law. Resolution of Plaintiff's common law trademark infringement claim will

not necessarily depend on the resolution of a substantial question of federal law. *Christianson*, 486 U.S. at 808–09.

Plaintiff's remaining claims are creatures of state law, (*see* Compl. ¶¶ 42–62, 71–110), so *Christianson*'s first prong does not apply. Even though Defendants contend that these contract and tort claims are derivative of federal trademark infringement, (Opp'n 5–6), the mere fact that these claims relate to Defendants' allegedly unauthorized use of Plaintiff's federally registered marks does not transform these state law claims into claims arising under federal trademark law. *See Dean*, 2025 WL 3725647, at *2. And for the same reasons discussed above with respect to Plaintiff's common law trademark infringement claim, none of these state law contract and tort claims will necessarily require resolution of a substantial question of federal law relating to federal preemption.

Defendants fail to show that federal trademark law creates Plaintiff's claims or that adjudicating the claims would require resolution of a substantial question of federal law. The Court lacks original jurisdiction over the matter. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

The Court grants the motion to remand. The Court remands this action to the Los Angeles County Superior Court, No. 25STCV31513. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**